UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ROBERT E. HARDING,<br><br>Plaintiff,<br><br>v.<br><br>CARRIE SPEER,<br>GREENE COUNTY PROC. OFFICE,<br>BRACEY BRENEMAN,<br>LINTON POLICE DEP. et al.,<br><br>Defendants. | ) | No. 2:26-cv-00498-JRO-MJD |

**ORDER DISMISSING COMPLAINT AND OPPORTUNITY TO SHOW CAUSE**

Plaintiff Robert Harding is a pretrial detainee currently incarcerated at the Greene County (IN) Jail. On July 14, 2026, he filed this civil action under 42 U.S.C. § 1983 alleging he was falsely arrested and charged with a crime in Greene County. Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants. 28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Harding's factual allegations are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). The complaint names as defendants (1) Greene County Deputy Prosecutor Carrie Spear; (2) Linton Police Department ("LPD") Officer Bracey Breneman; (3) the Greene County Prosecutor's Office ("GCPO"); and (4) the LPD. Harding is seeking damages.

Harding alleges that on March 25, 2026, he was arrested (apparently by Officer Breneman), after his ex-girlfriend called the police department (apparently the LPD) and reported that he had assaulted her two days before. No officer spoke in person to Harding's ex-girlfriend before he was arrested. Harding was arrested based only on her statement and his "priors." Dkt. 1 at 5.

The Court takes judicial notice of the following state court records. On March 30, 2026, Greene County Prosecutor Jarrod Holtsclaw filed an information charging Harding with Level 6 felony domestic battery. *State of Indiana v. Harding*, 28D01-2603-F6-000042. The offense was raised from a misdemeanor to a felony because Harding has a prior domestic battery

conviction. The information was accompanied by a probable cause affidavit signed by Officer Breneman. The affidavit states that Officer Breneman spoke on the phone with the victim—Harding's ex-girlfriend—who said that Harding had beaten her up, leaving with her a black eye, ripped out hair, and multiple bruises. The ex-girlfriend sent Officer Breneman photos of her bruises. Officer Breneman questioned Harding about the incident, and he denied battering his ex-girlfriend. He also showed Officer Breneman text messages between himself and his ex-girlfriend in which he denied battering her. Deputy Prosecutor Speer has been making court appearances on behalf of the GCPO in this case. The trial court also issued a no contact order against Harding, prohibiting him from contacting his ex-girlfriend. At some point, Harding posted bond for this charge and was released from custody. This case does not currently have a trial date.

But the Court also takes judicial notice that on July 7, 2026, Deputy Prosecutor Speer filed an information charging Harding with two counts of Level 5 felony obstruction of justice, one count of Level 6 felony intimidation, and two counts of Class A misdemeanor invasion of privacy. *State of Indiana v. Harding*, 28D01-2607-F5-000025. The probable cause affidavit Officer Breneman signed in support of these charges alleges that Harding had been making multiple attempts to contact his ex-girlfriend from the Greene County Jail, directly or indirectly, despite the no contact order. In addition to these new charges being filed, Harding's bond for the previous case was revoked and he was re-arrested and detained at the Greene County Jail.

**III. Dismissal of Complaint**

Applying the screening standard to the facts alleged in the complaint and the facts of which the Court takes judicial notice, the complaint must be dismissed for failure to state a claim upon which relief may be granted.

First, the LPD is not a "person" subject to suit under 42 U.S.C. § 1983. *Jones v. Bowman*, 694 F. Supp. 538, 544 (N.D. Ind. 1988) (citing *Boren By & Through Boren v. City of Colorado Springs*, 624 F. Supp. 474 (D. Colo. 1985)). In Indiana, municipal police departments "are not suable entities." *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

Second, as for Deputy Prosecutor Speer and the GCPO, they are entitled to absolute immunity for any actions taken with respect to the state criminal case, including deciding whether to file and pursue criminal charges against Harding. *See Imbler v. Pachtman*, 424 U.S. 409 (1976); *Foreman v. Wadsworth*, 844 F.3d 620, 624 (7th Cir. 2016). Additionally, the GCPO is a state office. *See* Ind. Const., Art. 7, § 16. States and their agencies generally are not "persons" subject to suit under § 1983. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66–70 (1989)).

Third, as for Officer Breneman, "[t]he existence of probable cause to arrest is an absolute defense to any § 1983 claim against a police officer for false arrest or false imprisonment." *Abbott v. Sangamon Cnty., Ill.*, 705 F.3d 706, 713–14 (7th Cir. 2013).[1] Harding seems to assert that Officer Breneman should not have

[1] The Court assumes for the sake of argument that *Heck v. Humphrey*, 512 U.S. 477 (1994) would not bar Harding's false arrest claim at this time. However, even if there was a valid claim, it would appear that any federal litigation about the validity of

believed his ex-girlfriend's statement accusing him of battering her without further investigation. But "'[o]nce a reasonably credible witness informs an officer that a suspect has committed a crime, the police have probable cause to arrest the suspect.'" *Friend v. City of Decatur, Illinois*, 183 F.4th 493, 499 (7th Cir. 2026) (quoting *Mustafa v. City of Chicago*, 442 F.3d 544, 548 (7th Cir. 2006)); *see also Simmons v. Pryor*, 26 F.3d 650, 654 (7th Cir. 1993) (probable cause to arrest where victim alleged arrestee hit and threatened her, and officer was aware of previous altercation between arrestee and victim). Any alleged unreliability in a victim's statements to police is a matter for courts, not police officers, to assess; even if there ends up being reasonable doubt as to a defendant's guilt, that alone does not negate the existence of probable cause for an arrest. *See Friend*, 183 F.4th at 499 (probable cause existed for domestic battery arrest despite § 1983 plaintiff's claim that the victim was "too intoxicated and unreliable" for her statements to be considered). An officer does not even necessarily need to believe that a witness is reliable to determine that her statement supports probable cause. *Id.* (citing *Garcia v. Posewitz*, 79 F.4th 874, 880 (7th Cir. 2023)). "This is particularly true for victims of domestic abuse, who often recant statements made about their abusers." *Id.*

Here, particularly after the Court has taken judicial notice of the probable cause affidavit that Officer Breneman drafted and Prosecutor Holtsclaw filed in support of the domestic battery charge, Harding's complaint contains

---

Harding's arrest and pretrial detainment would have to be stayed until full completion of the state domestic battery proceedings, pursuant to *Younger v. Harris*, 401 U.S. 37, 46 (1971).

insufficient allegations that would negate the existence of probable cause for his arrest. For probable cause purposes, the victim's report to Officer Breneman that Harding had battered her was sufficient. There are no glaring deficiencies that would create any doubt in the existence of probable cause. Harding of course insists that the victim's report was false. Whether it was or not, that is a matter to be settled at any trial to be held on the domestic battery charge.

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV. OPPORTUNITY TO SHOW CAUSE

The plaintiff's complaint must be dismissed for each of the reasons set forth above. The plaintiff shall have **through December 9, 2026,** in which to show cause why Judgment consistent with this Order should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."); *Jennings v. City of Indianapolis*, 637 F. App'x 954, 954–55 (7th Cir. 2016) ("In keeping with this court's advice in cases such as *Luevano* . . . , the court gave Jennings 14 days in which to show cause why the case should not be dismissed on that basis.").

## V. MOTION FOR COUNSEL

Harding has also filed a motion requesting assistance in appointing him an attorney in his state criminal proceedings. The motion is **DENIED**. Dkt. [7].

This Court lacks any authority to assist Harding in finding an attorney for such purposes. He must rely on counsel he can hire on his own or a public defender appointed by a state court.

**SO ORDERED.**

Date: 11/9/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

ROBERT E. HARDING
50148
Greene County Jail
Inmate Mail/Parcels
P.O. Box 267
Bloomfield, IN 47424